Francisco Font Manzano, Síndico del Banco Industrial de Puerto Rico y Rafael Sancho Bonet, Tesorero de Puerto Rico, demandantes y apelados, *v.* Suau, Fiol & Cía., Pedro Antonio y Matías Suau Ballester, demandados y apelantes.

Núm. 7242.—*Sometido:* Julio 20, 1936. *Resuelto:* Julio 30, 1936.

*Juan B. Soto,* abogado de los apelantes; *Hon. Procurador General B. Fernández García* y *R. Cordovés Arana, Procurador General Auxiliar,* abogados del Tesorero apelado; *Carlos Santana Becerra,* abogado del Síndico.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

Los demandantes apelados han presentado una moción en la que solicitan se desestime por frívolo el presente recurso. Examinemos primeramente los hechos.

En 23 de febrero de 1929 la Sociedad Mercantil "Suau, Fiol y Compañía", representada por su gestor, y los Señores Pedro Antonio Suau Ballester y Matías Suau Ballester, hicieron constar por escritura pública:

1.—Que la citada mercantil es dueña de una *finca urbana,* consistente en solar y edificio de dos plantas, con maquinarias para café, planta eléctrica, etc., valorado todo en $40,000.

2.—Que los otros dos comparecientes son dueños, el primero, de tres predios rústicos de 12, 8½ y 8 cuerdas, respectivamente; y el segundo, de dos predios rústicos, uno de 53.83 y el otro de 9 cuerdas de terreno.

3.—Que la mencionada Sociedad *ha tomado un préstamo* al Banco Industrial de Puerto Rico de $30,000, por el importe del cual se otorgaron a favor del Banco acreedor dos pagarés suscritos por Suau, Fiol y Cía. y por los dos señores Suau Ballester. En el primer pagaré, los firmantes *se comprometen a pagar solidariamente* al Banco o a su orden, $25,000, *valor recibido en préstamo a nuestra entera satisfacción, y garantizan el cumplimiento de la obligación hipotecando especialmente una finca urbana,* propiedad de la Mercantil Fiol, Suau y Cía. Al pie de dicho pagaré hace constar el Notario que la obligación precedente está garantizada *por hipoteca sobre una finca urbana radicada en Lares.*

4.—El segundo pagaré es del mismo tenor que el primero y está suscrito por las mismas partes, quienes *se comprometen a pagar solidariamente* al Banco $5,000, *valor recibido en préstamo a nuestra entera satisfacción.* El cumplimiento de la obligación está garantizado *por hipoteca especial de las cinco fincas rústicas pertenecientes a los señores Pedro Antonio y Matías Suau Ballester,* según lo hace constar el Notario al pie del documento.

5.—Los párrafos Quinto y Séptimo de la escritura de hipoteca leen así:

"Quinto.—Que en garantía de la suma de veinticinco mil dólares, importe del pagaré hipotecario número uno, aquí transcrito, sus intereses en la forma convenida en dicho pagaré, más un crédito adicional de mil dólares para costas, gastos y honorarios de abogado en caso de reclamación judicial, *la Mercantil Suau, Fiol y Compañía* por su gestor el compareciente don Bernardo Fiol Isern, *constituye primera hipoteca voluntaria* a favor de los tenedores del pagaré número uno aquí transcrito, *sobre la finca urbana* que se describe en el hecho primero de esta escritura." (Bastardillas nuestras.)

"Séptimo.—Que en garantía de la suma de cinco mil dólares, importe del pagaré número dos aquí descrito, sus intereses en la forma convenida en dicho pagaré, más un crédito adicional de doscientos dólares para costas, gastos y honorarios de abogado en caso de reclamación judicial, *don Pedro Antonio Suau Ballester y don Matías Suau Ballester consti-*

*tuyen hipoteca voluntaria* a favor de los tenedores del pagaré número dos aquí transcrito, *sobre las fincas* que se describen en los hechos segundo y tercero de esta escritura."

El Banco Industrial de Puerto Rico cedió ambos pagarés al Tesorero de Puerto Rico, como garantía colateral, siendo dicho funcionario el actual tenedor de dichas obligaciones. Y habiendo vencido ambos pagarés, el Síndico del Banco y el Tesorero presentaron demanda contra los tres firmantes de los pagarés. En dicha demanda se formulan dos distintas y separadas causas de acción.

Por la primera causa de acción se trata de ejecutar por la vía ordinaria la hipoteca constituída por Fiol, Suau y Cía., sobre la finca urbana radicada en Lares, para garantizar el pago del pagaré de $25,000; y se pide sentencia por el montante del pagaré, más la suma de $8,679.45 por intereses, más las costas, y que en caso de falta de pago de dichas sumas se ordene la venta en pública subasta de la finca urbana que garantiza el crédito.

Por la segunda causa de acción se ejercita la acción personal contra Pedro Antonio Suau Ballester y Matías Suau Ballester, como firmantes del pagaré de $5,000, para el cobro de dicha obligación; y se pide sentencia por la suma de $5,000, intereses, etc.

Desestimada la excepción previa de falta de causa de acción, los demandados contestaron la demanda y alegaron:

1.—Que los $25,000 del pagaré núm. 1 son parte de un préstamo de $30,000 hecho por el Banco a Suau, Fiol y Cía., en garantía del cual los demandados constituyeron hipoteca sobre la finca urbana en Lares y sobre los cinco predios rústicos, habiendo además, suscrito dos pagarés, uno por $25,000 y otro por $5,000.

2.—Que ni en la escritura de constitución de hipoteca, ni en ninguna otra parte se dividió la responsabilidad de las dichas fincas, *conviniéndose por el contrario en la escritura que responderían todas y cada una de ellas de la totalidad del crédito* o sea de los $30,000.

3.—Que los $5,000 que se consignan en el pagaré núm. 2 son parte

de un crédito de $30,000 en garantía del cual los demandados constituyeron hipoteca sobre la finca urbana y sobre los cinco predios rústicos y suscribieron los dos pagarés.

4.—Que la inscripción de la hipoteca es nula por no haberse hecho constar en forma alguna la cuantía de que responde cada una de las fincas hipotecadas.

La corte de distrito dictó sentencia de acuerdo con la súplica de la demanda. Los demandados apelaron.

Los demandantes apelados han formulado moción en la que solicitan la desestimación del recurso, por entender que de los autos del caso se desprende que el recurso es frívolo y que ha sido interpuesto con el único fin de demorar la ejecución de la sentencia.

██ La frivolidad del recurso no salta a la vista, pero se descubre fácilmente al hacer un estudio crítico de los autos y del alegato de la parte apelante. Hemos hecho ese estudio y él nos ha convencido de que el recurso interpuesto carece de méritos y es claramente frívolo.

La teoría que presenta el apelante es la de que hubo una sola operación de préstamo por $30,000; que ese préstamo fué garantizado con una hipoteca sobre seis fincas, una urbana y cinco rústicas, y que la hipoteca es nula, porque no solamente no se distribuyó la responsabilidad entre las seis fincas hipotecadas, según lo requiere la ley, sino que las partes acordaron expresamente que todas y cada una de las seis fincas hipotecadas habrían de responder del importe total del préstamo, en contravención de lo dispuesto en los artículos 119 de la Ley Hipotecaria, 164 del Reglamento y 1774 del Código Civil (edición de 1930). Y para sostener esa teoría, el apelante nos dice en su alegato (págs. 8 y 9) lo siguiente:

"... Del examen de dicha escritura resulta:

" . . . . . . . . . . .

"Que según lo expresado en el párrafo equivocadamente llamado 'Trigésimo' (debía ser décimotercero) de la escritura (véase página 61 de la transcripción de evidencia, empezando en la cuarta línea y contando de abajo hacia arriba) se estipuló en dicha escritura que

'no se dividirá entre las fincas hipotecadas la responsabilidad del gravamen constituído, sino que todas y cada una de ellas responderán de la suma total incluyendo costas y cualquiera otra obligación' de acuerdo con los términos y condiciones establecidos en dicho instrumento.''

Copiaremos ahora a continuación el párrafo Décimotercero de la escritura, por equivocación denominado ''Trigésimo'', tal como consta en la Transcripción de Evidencia, páginas 61 y 62.

''Trigésimo.—Queda estipulado que no se dividirá entre las fincas *de don Pedro don Matías Suau Ballester aquí* hipotecadas la responsabilidad del gravamen constituído, sino que responderán todas y cada una de ellas de la suma total incluyendo intereses, costas y cualquier otra obligación de acuerdo con los términos y condiciones especificadas en esta escritura.'' (Bastardillas nuestras.)

Cotejando los dos párrafos que acabamos de transcribir se descubre fácilmente el error en que se basa toda la argumentación del apelante. Ese error consiste en haber suprimido, por equivocación o inadventencia clerical, al copiar el párrafo Décimotercero de la escritura, las palabras *''de don Pedro don Matías Suau Ballester aquí,''* con la supresión de las cuales se daba mayor alcance a la estipulación contenida en dicho párrafo, haciéndola extensiva a la finca urbana de Lares, que no fué ni pudo ser hipotecada por los señores Suau Ballester, por no ser dichos señores dueños de tal finca y sí de los cinco predios rústicos hipotecados en garantía del pagaré por $5,000.

Explicado el error y reconstruído el párrafo Décimotercero, los hechos del caso pueden resumirse así:

Suau, Fiol & Cía. contratan un préstamo de $30,000. Dicha mercantil y los señores Suau Ballester se obligan solidariamente a pagar la suma total representada por dos pagarés, uno de $25,000 y otro de $5,000. En garantía del primero, la citada sociedad constituye hipoteca *sobre una finca urbana* de su exclusiva propiedad; y los señores Suau Ballester se limitan a suscribir el pagaré como codeudores

solidarios. En garantía del segundo, los señores Suau Ballester constituyen hipoteca *sobre cinco parcelas de terreno,* estipulando como parte de esa hipoteca que no se dividirá entre dichas cinco parcelas la responsabilidad del gravamen, debiendo todas y cada una de ellas responder del pago de los $5,000 del pagaré. Y en cuanto a este segundo pagaré, Suau, Fiol & Cía. se obligaron solamente como codeudores solidarios.

Es evidente que la finca urbana no quedó en manera alguna afecta a la responsabilidad del pagaré núm. 2; y que las cinco parcelas rústicas no quedaron gravadas en modo alguno para responder del pago de la obligación de $25,000 del pagaré núm. 1. Las dos hipotecas son distintas y separadas, pues garantizan obligaciones distintas y gravitan sobre propiedades distintas, pertenecientes a diversos dueños.

La hipoteca constituída por los señores Suau Ballester en garantía del pagaré de $5,000, sin duda alguna adolece del defecto que el apelante trata de hacer extensivo a la hipoteca que garantiza el otro pagaré. Esa es tal vez la razón por la cual los demandantes prescindieron de la garantía hipotecaria en cuanto al pagaré por $5,000 e iniciaron la acción personal para su cobro.

La cuestión sugerida y tan hábilmente presentada por el alegato del apelante carece de méritos y es a todas luces frívola.

*Debe desestimarse, por frívolo, el recurso interpuesto.*

El Juez Asociado Señor Córdova Dávila no intervino.